CHARLES W. BEALL and DANIEL E. FINN, Sheriff of the County of New York, Respondents, *v.* NATIONAL SURETY CORPORATION, Appellant.

First Department, February 11, 1938.

*Vincent J. Cuti,* for the appellant.

*Irving H. Saypol* of counsel [*Leo Kotler* with him on the brief; *Saypol & Kotler,* attorneys], for the respondents.

CALLAHAN, J. In an action brought by the plaintiff Beall in the City Court of the City of New York against one Reynolds, a warrant of attachment was issued commanding the sheriff of New York county " to attach and safely keep so much of the property within your County which the defendant Aileen M. Reynolds, also known as Aileen M. Kirby, has, or which she may have at any time before final judgment in the action, as will satisfy plaintiff's demand of One Thousand One Hundred and Sixty-five Dollars ($1,165), together with costs and expenses, and that you proceed hereon in the manner required of you by law." A certified copy of said warrant of attachment was served on the defendant National

Surety Corporation, and, at the same time (according to the pleadings herein), notice was given by the sheriff that he did, by virtue of said attachment, attach the property of said Reynolds then in possession of the National Surety Corporation, the present defendant.

Said defendant thereupon issued and delivered to the sheriff a certificate, pursuant to the provisions of section 918 of the Civil Practice Act, which stated that it had executed a bail bond on behalf of Reynolds in the sum of $1,000; that as collateral security for said bail bond it received the following property belonging to Reynolds, but subject to the prior rights of defendant:

" (1) One Mink coat alleged to be worth $1,000.

" (2) One Ford Sedan — 1936 model alleged to be worth approximately $475.00.

" (3) One white metal ring with one large white stone, two small blue stones and eight small white stones — value unknown.

" (4) One yellow metal ring, with one large blue stone and fourteen small white stones — value unknown."

The said certificate further stated: " If the liability of the aforementioned bail bond is legally terminated so that no loss is sustained by the National Surety Corporation, and all premiums for the said bond are paid, then in that event, the National Surety Corporation is in a position, subject to the attachment herein mentioned, to return the property to Aileen M. Reynolds."

Plaintiff sheriff thereupon made and filed the inventory and appraisal required by section 921 of the Civil Practice Act, showing that he had received said certificate from the present defendant, stating it was holding the property listed as aforesaid, and fixing the value thereof at $1,475.

Plaintiff Beall, having obtained judgment in the City Court action for $1,266.40 against Reynolds, gave notice thereof to the sheriff, who in turn served a demand on this defendant that it turn over the attached property mentioned in its prior certificate. The mink coat and the two rings described in the certificate were duly delivered to the sheriff, but this defendant then asserted for the first time that the Ford car mentioned in the certificate was not in the county of New York but in the county of Queens.

The present action was then brought in aid of the attachment to recover the value of the car.

It is conceded that on the date of the demand the obligation of Reynolds under the bail bond had been completed. Defendant asserts, however, that it was not required to deliver the automobile because said chattel was not nor had it ever been within the county of New York. The car was later returned to Reynolds.

The court below held that the defendant was estopped from asserting that the automobile was not in the county of New York or subject to the attachment levy by reason of the certificate which it had issued.

We think this holding was correct. In any event, the certificate should be held conclusive upon defendant under the circumstances. Though the certificate did not specifically state that the property was held by the defendant within the county of New York, said certificate was issued pursuant to an attachment which referred solely to property within that county. The defendant was not required to give any certificate concerning any chattels outside of said county, and the sheriff and the attachment creditor had a right to rely on the representations made in the certificate to the effect that the attachment debtor's interest in said property would be held subject to the attachment.

While the chattels were property ordinarily capable of manual delivery, they were pledged with the defendant as collateral security for a bail bond. Therefore, a levy on the interest of the pledgor could only be made by leaving a certified copy of the attachment and a notice of the property attached with the pledgee. (*Warner* v. *Fourth National Bank*, 115 N. Y. 251.) That procedure was followed in this case.

If the defendant could now be heard to assert facts contrary to those stated in its certificate, the very purpose of such an instrument would be defeated. It is apparent that the sheriff relied on the said certificate as evidencing the existence of attachable property sufficient to satisfy the judgment, for he proceeded to file the inventory and appraisal required by law.

The fact that the defendant, after entry of judgment, attempted to notify the sheriff that the property was not within the county of New York would not relieve defendant from the legal responsibility created by its certificate, for the attachment merged in the judgment when the latter was obtained and power to make further levy under the attachment would not survive the recovery of that judgment. (*Cotnareanu* v. *Chase National Bank*, 271 N. Y. 294.) Nor should the defendant be permitted to assert that the certificate was issued under a mistake, having remained silent during the life of the attachment.

There was sufficient evidence on the value of the automobile to warrant the judgment awarded plaintiff.

The judgment should be affirmed, with costs.

GLENNON and DORE, JJ., concur; MARTIN, P. J., and UNTERMYER, J., dissent.

Judgment affirmed, with costs.