ANNA S. GLUSKER, Appellant, v. CHARLES GLUSKER, Respondent.— The
plaintiff sued for separation on the ground that the defendant neglected and
refused to provide for her. It appeared that by successive agreements, which
had terminated, the parties had consented and elected to live separate and apart.
There was no abandonment. One defense was that this action had been barred
by an action for divorce in New Jersey in which both parties appeared,— the
husband claiming to be entitled to a divorce on the ground of " obstinate " abandon-
ment and the wife seeking the same relief on the ground of " extreme cruelty."
The report of the Master to whom the matter was referred stated in effect that
the husband was not a *bona fide* resident of New Jersey; and that he had failed
to carry the burden of proof as to the abandonment and attempted reconciliation,
and that the wife had likewise failed to establish " extreme cruelty." There were
no findings of fact and the decree merely dismissed both the petition and the
counterclaim. The issues presented in this action are entirely different and there
is no measure of identity between them and the issues presented to the New
Jersey court. The doctrine of *res judicata* invoked by the defendant and upon
which the complaint was dismissed is not applicable to the present state of facts.
(*Cromwell* v. *County of Sac*, 94 U. S. 351; *Schuylkill Fuel Corp.* v. *Nieberg Realty*

*Corp.*, 250 N. Y. 304; *Donahue* v. *New York Life Ins. Co.*, 259 id. 98; *Sielcken-Schwarz* v. *American Factors, Ltd.*, 265 id. 239; *Budnitzky* v. *Arakelian, Inc.*, 268 id. 208.) The principal issue, together with the amount payable by the defendant to plaintiff, if any, has not been decided and, therefore, there must be a new trial. For the purpose of granting a new trial, all findings are reversed. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ., concur.