AMERICAN ELECTRONICS, INC., et al., Respondents, *v.* NEPTUNE METER COMPANY et al., Appellants.

First Department, May 21, 1968.

*Samuel N. Greenspoon* of counsel (*Irving G. Idler* with him on the brief; *Pollack Greenspoon & Singer*; *Ferguson, Idler & Hayes*, attorneys), for appellants.

*Jacob Imberman* of counsel (*David I. Goldblatt* and *Robert J. Kafin* with him on the brief; *Proskauer Rose Goetz & Mendelsohn*, attorneys), for respondents.

McNALLY, J. In this action in unfair competition tried by the court, plaintiffs have been granted compensatory damages of $250,000, punitive damages of $50,000, extra allowance of $3,000, and interest from the date of the commencement of the action, for a total of $456,051.

The record establishes by overwhelming proof that defendants willfully and deliberately engaged in a conspiracy and a course of conduct which violated elementary standards of morality in the business community and secured for themselves at plaintiffs' expense a public contract for the manufacture and installation of toll collection equipment on the Connecticut Turnpike. (*Defler Corp.* v. *Kleeman,* 19 A D 2d 396, 401, affd. 19 N Y 2d 694.) The evidence discloses that defendants used their knowledge of plaintiffs' prices and confidential price pro-

posals fraudulently obtained and thus were able to underbid plaintiffs. They appropriated plaintiffs' manufacturing information from stolen drawings, induced plaintiffs' employees and a subcontractor to violate restrictive agreements, and attempted to conceal their activities by artifice and subterfuge.

The trial court in this long, involved, intricate and complex case awarded compensatory and punitive damages and properly granted an additional allowance pursuant to CPLR 8303 (subd. [a], par. 2). The trial covered 60 trial days, with some 8,000 pages of record, hundreds of exhibits and 343 extensive findings of fact and conclusions of law.

We hold, however, that plaintiffs are not entitled to punitive damages since no public right is involved and the underlying private wrong is susceptible of adequate compensation. (*James* v. *Powell,* 19 N Y 2d 249; *Walker* v. *Sheldon,* 10 N Y 2d 401.)

In the interests of justice, the case is remanded to the trial court solely for the assessment of compensatory damages, since we feel that the proper rule of damage was not applied. In the circumstances, plaintiffs are entitled to recover damages in the amount they would have made on the Connecticut contract, in other words their profit. These damages need not be proven with precision. Damages should be based on the contract price, less the cost of labor, material and applicable overhead. By applicable overhead we mean only the additional overhead, if any, necessary for the completion of this contract. In other words, plaintiffs' damages are measured by the contract price less what would have been plaintiffs' cost of performance. The basic rule of damage in a case of unfair business competition is the amount plaintiff would have made except for defendant's wrong. (*Westcott Chuck Co.* v. *Oneida Nat. Chuck Co.,* 199 N. Y. 247, 252; *Defler Corp.* v. *Kleeman, supra,* p. 403; *Santa's Workshop* v. *Sterling,* 2 A D 2d 262, affd. 3 N Y 2d 757; *Ronson Art Metal Works* v. *Gibson Lighter Mfg. Co.,* 3 A D 2d 227, 232; *Conviser* v. *Brownstone & Co.,* 209 App. Div. 584, 592; *Champlin* v. *Stoddard,* 34 Hun 109, 110, cited with approval in *Michel Cosmetics* v. *Tsirkas,* 282 N. Y. 195, 202; see, also, *Duane Jones Co.* v. *Burke,* 306 N. Y. 172.)

For the foregoing reasons, the judgment should be reversed, on the law and the facts, without costs, the cause remanded to the trial court, and a new trial directed limited solely to the issue of compensatory damage.

TILZER, J. (dissenting). I dissent. Punitive damages are but a means of admonition and are singularly appropriate and recoverable in an action for unfair competition where, as here, the defendants' acts were committed " deliberately, wantonly and maliciously and with reckless disregard for the rights of

the plaintiff." Defendants' "outrageous wrongdoing" may not be indemnified merely on the basis of compensatory damages. Moreover, it is not the form of the action or the existence of public or private wrong which gives the right to punitory damages, " but the moral culpability of the defendant." (*Walker* v. *Sheldon*, 10 N Y 2d 401, 404; *James* v. *Powell*, 19 N Y 2d 249, 260; and see *I. H. P. Corp.* v. *210 Cent. Park South Corp.*, 12 N Y 2d 329, 333; *Toomey* v. *Farley*, 2 N Y 2d 71, 83.) " What is true of all actions, is especially true in a suit for unfair competition: disposition of each case peculiarly depends upon the precise state of facts disclosed." (*Roman Silversmiths* v. *Hampshire Silver Co.*, 282 App. Div. 21, 27.) " Hence, in assessing damages or requiring an accounting therefor, the nature and effect of the unfair competition becomes important." (*Ronson Art Metal Works* v. *Gibson Lighter Mfg. Co.*, 3 A D 2d 227, 231.) " The seeming inconsistency of assessing the exemplary damages as a punishment and awarding the benefit of them to the plaintiff and not to the state may be justified by considerations already mentioned, namely, the advantage of furnishing an incentive for this sort of private prosecution of wrongs which the public prosecutor would ignore, and by the fact that exemplary damages are likely to approximate recompense for the expenses of litigation (over and above taxable costs) for which the plaintiff would otherwise not be reimbursed." (McCormick, Law of Damages, § 77, p. 278 [1935].)

Nor is there need for any further assessment as to compensatory damages. There is evidence sufficient in the record to compute plaintiffs' profit on the Connecticut contract with reasonable precision, to conclude that but for the defendants' wrongful acts the plaintiffs' profit would have been $185,112. Conclusive proof of damages is not required. " The defendants are wanton wrongdoers and in such case ' every doubt and difficulty should be resolved against them.' (*Rubber Co.* v. *Goodyear*, 9 Wall. [76 U. S.] 788, 803.) " (*Michel Cosmetics* v. *Tsirkas*, 282 N. Y. 195, 203.)

Accordingly, I would modify the judgment by reducing plaintiffs' compensatory damages from $250,000 to $185,112, and would affirm the award of $50,000 punitive damages.

STEUER, J. P., RABIN and BASTOW, JJ., concur with McNALLY, J.; TILZER, J., dissents in opinion.

Judgment reversed, on the law and on the facts, without costs or disbursements; the cause is remanded to the trial court, and a new trial directed limited solely to the issue of compensatory damage. [See 30 A D 2d 117.]