In an action, inter alia, to recover damages for unfair competition, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Friedman, J.H.O.), entered July 22, 2002, as, upon a decision of the same court dated March 27, 2002, made after a nonjury trial, failed to award damages based on the defendant’s sale of products subsequent to the subject 10,000 containers purchased by the plaintiff and used by the defendant, and the defendant cross-appeals, as limited by its brief, from so much of the same judgment as is in favor of the plaintiff and against it on the issue of liability and punitive damages.
Ordered that the judgment is reversed insofar as cross-appealed from, on the law and the facts, and the complaint is dismissed; and it is further,
Ordered that the appeal from the judgment is dismissed as academic, in light of our determination on the cross appeal; and it is further,
Ordered that one bill of costs is awarded to the defendant.
To sustain a cause of action to recover damages for unfair competition through the use of a trade name, the plaintiff had to establish that the defendant’s acts “constituted an unfair appropriation or exploitation of any special quality attached to plaintiffs name” (Buffalo Packaging Corp. v Buff-Pac, Inc., 155 AD2d 877, 878 [1989]). The plaintiff failed to meet this burden, *351 as the generic Russian word “Tvorog” and the descriptive terms attached to it, “Soft Cheese Russian Style,” lack any special qualities and, therefore, the plaintiff did not have the exclusive right to appropriate these words (see Sample, Inc. v Porrath, 41 AD2d 118, 122 [1973], affd 33 NY2d 961 [1974]).
The Supreme Court erred in finding customer confusion or bad faith with respect to any product, including the 10,000 containers to which the plaintiffs compensatory damages were limited (see Camelot Assoc. Corp. v Camelot Design & Dev., 298 AD2d 799, 800 [2002]). The defendant placed over the plaintiffs name a label naming the new distributor, Gold Star Distributor, on the lids the plaintiff had left with the defendant.
In addition, the Supreme Court’s award of punitive damages was improper (see American Elecs. v Neptune Meter Co., 30 AD2d 117, 119 [1968]). Ritter, J.E, Krausman, Schmidt and Crane, JJ., concur.