■ HENRY KASSIS et al., Appellants, v TEACHERS' INSURANCE AND ANNUITY ASSOCIATION et al., Respondents, et al., Defendant. (And a Third-Party Action.) [786 NYS2d 473]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered January 6, 2004, which, to the extent appealed from, reduced the principal amount of the jury verdict against defendants Teachers', Cauldwell-Wingate, Civetta/ Cousins and Atlantic from $1,700,000 to $1,550,000, unanimously affirmed, with costs.

Plaintiffs are not entitled to prejudgment interest. The purpose of prejudgment interest is to compensate parties for the loss of the use of money they were entitled to receive, taking into account the "time value" of money (*Mosesson v 288/98 W. End Tenants Corp.*, 294 AD2d 283, 284 [2002]). Given that plaintiffs' proof at trial was not based on estimates at the time the damages were incurred at their buildings but rather 11

years later, the jury's award of all but $200,000 of the cost estimates made in 2000 and 2002 amply compensated plaintiffs and placed them in the same position as if there had been no breach (*Brushton-Moira Cent. School Dist. v Fred H. Thomas Assoc.*, 91 NY2d 256 [1998]). To award prejudgment interest would bestow an unwarranted windfall (*id.* at 262).

The trial court properly offset the jury verdict against the nonsettling defendants by the amount of plaintiffs' prior settlement with defendant D&F Masons (General Obligations Law § 15-108 [a]; *Williams v Niske*, 81 NY2d 437 [1993]). That settlement and the jury verdict were based on the same injury (*see Whalen v Kawasaki Motors Corp., U.S.A.*, 92 NY2d 288 [1998]).

We have considered plaintiffs' remaining arguments and find them without merit. Concur—Nardelli, J.P., Tom, Saxe, Friedman and Sweeny, JJ.