16-207-cv(L)
E.J. Brooks Co. v. Cambridge Sec. Seals

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand eighteen.

PRESENT:  AMALYA L. KEARSE,
　　　　　　RAYMOND J. LOHIER, JR.,
　　　　　　CHRISTOPHER F. DRONEY,
　　　　　　　　*Circuit Judges.*

------------------------------------------------------------------

E.J. BROOKS COMPANY, d/b/a TYDENBROOKS,

　　　　　　　*Plaintiff–Counter-Defendant–*
　　　　　　　*Appellant–Cross-Appellee,*

　　　　　　　v.　　　　　　　　　　　　　　Nos. 16-207-cv(L),
　　　　　　　　　　　　　　　　　　　　　　16-259-cv(XAP)

CAMBRIDGE SECURITY SEALS,

　　　　　　　*Defendant–Counter-Claimant–*
　　　　　　　*Appellee–Cross-Appellant.*

------------------------------------------------------------------

FOR PLAINTIFF–COUNTER-
DEFENDANT–APPELLANT–
CROSS-APPELLEE:

DANIEL GOLDMAN (Kerri Ann Law, Claudia Pak, Sam Koch, *on the brief*), Kramer Levin Naftalis & Frankel LLP, New York, NY.

FOR DEFENDANT–COUNTER-CLAIMANT–APPELLEE–CROSS-APPELLANT:

HOWARD SCHUB (Daniel J. Fetterman, *on the brief*), Kasowitz, Benson, Torres & Friedman LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, then *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED as to damages, and the case is REMANDED for further proceedings.

Plaintiff E.J. Brooks Company, d/b/a TydenBrooks ("TydenBrooks") and defendant Cambridge Security Seals ("CSS") cross-appeal following a jury trial at which TydenBrooks largely prevailed.  We assume the parties' familiarity with the facts and record of the prior proceedings, as set forth in our prior decision in E.J. Brooks Co. v. Cambridge Security Seals, 858 F.3d 744 (2d Cir. 2017), to which we refer only as necessary to explain our decision to vacate the judgment as to damages and remand the case to the District Court for further proceedings.

On appeal, the parties disputed whether TydenBrooks's damages on its misappropriation of trade secrets, unfair competition, and unjust enrichment

claims under New York law could be calculated based on CSS's avoided costs.

They also disputed whether, assuming that avoided costs are a permissible

measure of damages, prejudgment interest under § 5001(a) of the New York Civil

Practice Law and Rules is mandatory. Because these disputes implicated

important, unsettled questions of New York law, we certified to the New York

Court of Appeals the following questions relating to damages:

> 1. Whether, under New York law, a plaintiff asserting claims of misappropriation of a trade secret, unfair competition, and unjust enrichment can recover damages that are measured by the costs the defendant avoided due to its unlawful activity.
>
> 2. If the answer to the first question is "yes," whether prejudgment interest under New York Civil Practice Law and Rules § 5001(a) is mandatory where a plaintiff recovers damages as measured by the defendant's avoided costs.

E.J. Brooks, 858 F.3d at 752. Concluding that CSS's remaining challenges not

encompassed by the certified questions were without merit, we affirmed the

District Court's judgment as to liability. Id. at 746 & n.2.

In an opinion filed on May 3, 2018, the New York Court of Appeals

answered the first certified question in the negative. The court held that

"compensatory damages must return the plaintiff, as nearly as possible, to the

position it would have been in had the wrongdoing not occurred—but do no

3

more." E.J. Brooks Co. v. Cambridge Sec. Seals, No. 26, slip op. at 2 (N.Y. May 3, 2018). Having answered the first certified question in the negative, the New York Court of Appeals did not reach the second. Id. at 2 n.1.

The New York Court of Appeals's answer to our first certified question requires that we vacate the District Court's judgment as to damages and remand the case for further proceedings. Among other things, on remand the District Court may consider whether TydenBrooks has waived any claim for damages under any theory other than avoided costs.

For the foregoing reasons, the judgment of the District Court is VACATED as to damages, and the case is REMANDED for further proceedings consistent with the opinion of the New York Court of Appeals and this order. We thank the New York Court of Appeals for its assistance in resolving an unsettled question of New York law.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4