Century Indem. Co. v Brooklyn Union Gas Co. (2024 NY Slip Op 24088)

[*1]

Century Indem. Co. v Brooklyn Union Gas Co.

2024 NY Slip Op 24088

Decided on March 20, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on March 20, 2024
Supreme Court, New York County

Century Indemnity Company, Plaintiff,

against
Brooklyn Union Gas Company et al., Defendants.

Index No. 603405/2001

O'Melveny & Myers LLP, New York, NY (Jonathan Rosenberg, Anton Metlitsky, and Leah Godesky of counsel), and Los Angeles, CA (Daniel Petrocelli and Craig P. Bloom of counsel), for plaintiff.
Covington & Burling LLP, Washington, D.C. (Benjamin Razi of counsel), and San Francisco, CA (Gretchen Hoff Varner and Ryan Buschell of counsel), for defendant Brooklyn Union Gas Company.

Gerald Lebovits, J.

On prior motions in this long-running insurance-coverage action, this court denied the respective CPLR 4404 post-trial motions of Century Indemnity Company and Brooklyn Union Gas, and told the parties to confer and submit a proposed form of judgment.[FN1]
(See Century [*2]Indem. Co. v Brooklyn Union Gas Co., — Misc 3d —, 2024 NY Slip Op 24007, at *1-2, *17 [Sup Ct, NY County 2024].)
Consistent with this court's directive, the parties conferred and were able to reach agreement about many (but not all) aspects of the judgment to be entered, given the jury's verdict and this court's CPLR 4404 rulings. (See NYSCEF No. 1317 [joint letter to the court].) The principal area of disagreement between the parties concerned prejudgment interest—i.e., whether Brooklyn Union is entitled to receive it. (See id. at 1-3 [Brooklyn Union's position], 4-5 [Century's position].) To resolve this issue, the court, by email to all parties, directed Century to file a motion with respect to prejudgment interest and any other disputes between the parties about the amount of the judgment to be entered.
Century has now timely filed its motion as directed (see NYSCEF No. 1325), and the motion is fully briefed. Century asks this court to exclude prejudgment interest from the amount that Brooklyn Union will recover as damages under the judgment to be entered with respect to the Gowanus Canal MGP Sites. Century's request is denied.
DISCUSSION
CPLR 5001 provides that prejudgment "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract," like the insurance policy at issue here.[FN2]
(CPLR 5001 [a] [emphasis added].) The statute's terms give the court discretion to refrain from awarding interest only "in an action of an equitable nature"—which this action is not. (Id.)
Century points out though, that the Appellate Division has emphasized that the "purpose of prejudgment interest is to compensate parties for the loss of the use of money they were entitled to receive, taking into account the 'time value' of money," yet also to avoid "bestow[ing] an unwarranted windfall." (Kassis v Teachers' Ins. & Annuity Assn., 13 AD3d 165, 165, 166 [1st Dept 2004] [internal quotation marks omitted].) And the Appellate Division has repeatedly held that in appropriate circumstances a motion court should refrain from awarding prejudgment interest and has affirmed or modified trial-court judgments accordingly. (See NYSCEF No. 1326 at 2-3 [collecting cases].)
Additionally, according to Century, the affidavit of a newly disclosed expert witness (and supporting documents) shows that "Brooklyn Union was never out of pocket" for the environmental-remediation costs it claimed as losses under the Century policies, because it was assertedly able to recover those costs from ratepayers. (Id.; see NYSCEF No. 1327 [expert affidavit].) Therefore, Century contends, "controlling Appellate Division authority precludes Brooklyn Union from now seeking a double-recovery windfall in the form of prejudgment interest on money of which it was never deprived." (NYSCEF No. 1326 at 2.)
The holdings of the Appellate Division decisions on which Century relies, however, do not stand for this broad proposition. These decisions can be grouped into two principal categories: (i) Rulings that on the facts of a particular case, prejudgment interest is not available as a separate component of the judgment; and (ii) rulings limiting the period over which prejudgment interest accrues. Neither category of decision holds that a plaintiff's recovery from a collateral source of amounts lost due to defendant's breach of contract renders plaintiff ineligible for prejudgment interest.
1. The Appellate Division decisions declining altogether to award prejudgment interest on contract damages share a common element: In each one, the Court concluded that the judgment itself would already, in substance, compensate plaintiff for the loss of the use of the money that plaintiff had sued to recover.
Thus, in Kassis, relied on by Century, plaintiffs' damages evidence—and thus the jury's award—was based on their repair costs as measured a year or two before trial, rather than the lower amount in costs at the time of damage to plaintiffs' building 11 years earlier. (See 13 AD3d at 165-166.) The Appellate Division, First Department, held that awarding plaintiffs the higher amount in damages "amply compensated" them for the loss of the use of the money required to pay for the repairs, and therefore that awarding a further amount in prejudgment interest would be unnecessary and inappropriate.[FN3]
(Id.)
In Men's World Outlet, Inc. v Estate of Steinberg, relied on by Century (see NYSCEF No. 1326 at 3), the Appellate Division, Second Department, modified to delete the provision of the judgment awarding prejudgment interest because, on the record in that case, "there [was] a possibility that the jury had already allowed interest in the amount of recovery fixed in the verdict."[FN4]
(101 AD2d 854, 854 [2d Dept 1984].) In Bamira v Greenberg, the First Department similarly vacated the trial court's award of prejudgment interest because the jury awarded damages "based on the present value of stock that had significantly appreciated during the period between defendant's misappropriation of the partnership opportunity and the verdict." (295 AD2d 206, 207 [1st Dept 2002].) The First Department also concluded that the jury might have intended the amount of the award to incorporate compensation for the time value of the money lost by plaintiff due to defendant's misappropriation. (See id.) And in Pyramid Champlain Co. v Brosseau & Co., the Appellate Division, Third Department, held that a plaintiff should not be able to recover prejudgment interest twice—once from each of two jointly and severally liable defendants.[FN5]
(267 AD2d 539, 545 [3d Dept 1999].)
Century cites as persuasive authority the decision of the U.S. Court of Appeals for the Second Circuit in Bulk Oil (U.S.A.), Inc. v Sun Oil Trading Co. (697 F2d 481, 484-486 [2d Cir 1983]). (See NYSCEF No. 1326 at 3.) The Second Circuit's holding in Bulk Oil does not support the broad reading that Century attempts to give that decision. In Bulk Oil, plaintiff took out a loan to finance the purchase of fuel oil for resale to defendant. Defendant then took possession of the shipment of fuel oil, but refused to pay, forcing plaintiff to pay additional interest on its financing loan. The district court held that defendant breached by refusing to pay. It awarded plaintiff (i) the contract price; (ii) prejudgment interest on the contract price; (iii) the amount of the post-breach interest payments on the loan; and (iv) prejudgment interest on the interest payments. (Id. at 482.)
The Second Circuit agreed that plaintiff was entitled to the contract price and the amount of the post-breach interest payments as actual damages; and that plaintiff should receive prejudgment interest on the post-breach interest payments, because plaintiff lost the use of those payments due to the breach. (Id. at 485.) With respect to the contract price, however, the Second Circuit held that plaintiff was entitled to prejudgment interest only on the amount of the contract price net of the loan, because that net amount was what plaintiff would have realized on the transaction had defendant performed. (Id. at 485-486.) Thus, granting post-judgment interest only on part of the contract price, together with the other components of the district court's award, would fully compensate plaintiff for its loss of use of money stemming from the breach. In that particular set of circumstances, the Court concluded, awarding any further interest would be an extra-compensatory windfall. The Court's holding did not purport to sweep any more broadly.
2. Century also relies on a Second Department decision in which the Court shortened the period over which prejudgment interest accrued based on language in CPLR 5001 providing that interest may not begin to run under CPLR 5001 before "the earliest ascertainable date the cause of action existed." (NYSCEF No. 1326 at 2, citing 155 Henry Owners v Lovlyn Realty Co., 231 AD2d 559 [2d Dept 1996].) In 155 Henry Owners, the Court held that a cause of action is "ascertainable" for CPLR 5001 purposes (such that prejudgment interest accrues) once a plaintiff has sustained damages, because only then has there been "a deprivation of use of money or its equivalent."[FN6]
(231 AD2d 559, 560 [2d Dept 1996] [internal quotation marks omitted]; cf. Kaiser v Fishman, 197 AD2d 623, 627-628 [2d Dept 1992] [applying this principle and holding that the trial court should have awarded prejudgment interest running from the time of breach, not the time of trial].) But 155 Henry Owners did not suggest that later recovery of damages, once they [*3]have been sustained, will cut off plaintiff's right to prejudgment interest.
Similarly, in AMCO Intl. v Long Is. R.R. Co., the Second Department held that a property-owner harmed by a diesel-fuel spill would only become entitled to prejudgment interest on the increment of damages representing the cost of remediating the property once the property-owner had "expended the funds for remediation" and therefore "been deprived of the use of those funds." (302 AD3d 338, 340 [2d Dept 2003].) The Court did not address (nor have occasion to address) the scenario presented here, in which defendant alleges that funds expended by plaintiff for environmental remediation were later recovered from another source.
In sum, these two bodies of precedent hold at most that (i) prejudgment interest in contract actions begins to accrue once a defendant's breach has caused plaintiff to suffer a loss; and (ii) plaintiff must be compensated in the judgment both for the amount of the loss itself and for the loss of use of that amount of money. This compensation may be denominated expressly as prejudgment interest or may compose some other component of the judgment awarded against defendant. As long as compensation for the loss of the use of money is provided in the judgment in some form, though, CPLR 5001 (a)'s mandate is satisfied.
3. Century does not contend that Brooklyn Union suffered no "ascertainable" losses for interest-accrual purposes when Century refused for more than 20 years to pay an increment of the costs of government-mandated cleanup of the three MGP sites and the Gowanus Canal. Nor does Century contend that the injury to Brooklyn Union from the loss of the use of that increment of cleanup costs will be remedied by some other component of the judgment to be entered by this court. And Century has not provided any decisions standing for the proposition it is advancing here—that CPLR 5001 (a)'s interest requirement should be deemed inapplicable when a prevailing party has been able to recoup its damages from an extra-judgment source. This court's research has not found any, either.[FN7]

Century does not explain why it would be appropriate, absent precedent dictating that result, for this court to devise what would be essentially an equitable exception to mandatory statutory language. This court does not disagree with Century's contention that the purpose of prejudgment interest in contract actions is to ensure that plaintiff (or counterclaimant) receives compensation for the lost time value of money, without conferring a windfall on either side. (See NYSCEF No. 1326 at 2.) Yet the Legislature has chosen to achieve that purpose in a particular manner—namely through requiring prejudgment interest in all contract actions seeking legal relief.[FN8]
And, as discussed above, the cases quoted by Century all comply with that statutory mandate through providing for amounts in the final judgment that correspond in substance, if not always in form, to prejudgment interest. What Century is proposing here is altogether different. This court declines Century's invitation to innovate.
4. Century's proffered approach is unpersuasive on practical, as well as jurisprudential, grounds. Answering the question whether the prevailing party has offset its losses through revenue from a source external to the litigation would require courts to conduct a mini-trial on a collateral issue. On the current motion, for example, Century is essentially asking this court to render post-trial factual determinations on intricate accounting questions arising in the context of a complex regulatory environment—and to do so without an evidentiary hearing.[FN9]

5. Finally, even setting all other objections aside, Century's motion is based on inadmissible evidence. Century relies on an affidavit from William Bouteiller, a former administrative law judge and senior policy adviser at the state Public Service Commission. (See NYSCEF No. 1327 at ¶¶ 4-5.) Bouteiller provides his interpretation of the practical effects of detailed accounting requirements established by the PSC and the application over the last 30 years of those requirements to Brooklyn Union's financial treatment of MGP-related remediation costs.[FN10]
(See id. at 3-12.) In doing so, Bouteiller is serving as an expert witness—providing his opinion on an "issue calling for professional and technical knowledge, possessed by the expert and beyond the ken of the typical juror." (De Long v Erie County, 60 NY2d 296, 307 [1983].)
Century did not previously disclose that it might rely on Bouteiller's testimony in this action. Nor does Century show (or attempt to show) good cause for failing to disclose its potential reliance on Bouteiller. In these circumstances, his affidavit would be subject to preclusion even if this court agreed with Century that Brooklyn Union's recoupment (or not) of remediation costs would affect the availability of prejudgment interest. (See Kassis v Teachers' Ins. & Annuity Assn., 258 AD2d 271, 271 [1st Dept 1999] [affirming trial-court order partially precluding expert-witness testimony for failure to disclose].)
Accordingly, it is
ORDERED that Century's motion to exclude prejudgment interest from the judgment to be entered by this court is denied; and it is further
ORDERED that the parties shall, within 7 days of entry of this order, confer and jointly submit to the court (by e-filing on NYSCEF and email to SFC-Part7-Clerk@nycourts.gov) a proposed form of judgment with respect to the three occurrences at issue in the 2022 trial in this action.
DATE 3/20/2024

Footnotes

Footnote 1:This action was joined for trial with Brooklyn Union Gas Co. v Century Indemnity Co., Index No. 403087/2002 (Sup Ct, NY County). The court issued the same decision resolving the post-trial motions in that action. (See Brooklyn Union Gas Co. v Century Indem. Co., 2024 NY Slip Op 30032[U] [Sup Ct, NY County 2024].)

Footnote 2:If an action is tried to verdict, and the verdict awards a sum of money, CPLR 5001 governs only pre-verdict interest. In that scenario, CPLR 5002 provides for interest on the sum awarded in the verdict, running through the entry of judgment. Here, the jury reached a special verdict that did not award a sum of money. The parties appear to assume, and this court agrees, that the issue of Brooklyn Union's entitlement (or not) to prejudgment interest is therefore governed only by CPLR 5001.

Footnote 3:The First Department reached similar conclusions in Langer v Miller (305 AD2d 270, 271 [1st Dept 2003]), and Mosesson v 288/98 W. End Tenants Corp., 294 AD2d 283, 284 [1st Dept 2002]).

Footnote 4:Accord Flores v Citizens Intl. Bank, 225 AD2d 414, 414 [1st Dept 1996] [same]; Trademark Res. Corp. v Maxwell Online, Inc., 995 F2d 326, 342 [2d Cir. 1993] [same].)

Footnote 5:In Vigilant Insurance Co. v MF Global Finance USA Inc., the First Department cited a federal trial-court decision that had declined to grant prejudgment interest because the court was already awarding plaintiffs an amount in punitive damages equal to their compensatory damages. (See 215 AD3d 578, 581 [1st Dept 2023], citing Jamieson v. Securities Am., Inc., 2022 WL 1307875, at *2 [SD NY Mar. 17, 2022], report & recommendation adopted 2022 WL 1304590 [SD NY May 2, 2022].) It is not clear from the language of Vigilant Insurance, though, whether the First Department's citation to Jamieson was intended to endorse the creation of some sort of discrete "punitive damages" exception to CPLR 5001 (a), merely to emphasize the narrowness of the circumstances in which courts may decline to award prejudgment interest, or to convey some other point. Regardless, this case does not involve punitive damages. And Jamieson is consistent with this court's interpretation of the decisions discussed above as permitting courts to decline to award prejudgment interest when a different component of the judgment would already fully redress plaintiff's loss of the use of money.

Footnote 6:Accord Prilik v Petro Home Servs., 203 AD3d 969, 971 (2d Dept 2022); Wolf v American Tech. Ceramics Corp., 84 AD3d 1124, 1126 (2d Dept 2011); F. Bender Inc. v Crow Constr. Co., 266 AD2d 503, 504 (2d Dept 1999).

Footnote 7:Indeed, neither the parties nor this court have identified a New York decision in which this challenge to awarding prejudgment interest was even raised, never mind accepted.

Footnote 8:Beyond the cases already discussed, the sole exception to this requirement recognized by New York appellate precedent arises when the parties' underlying contract clearly and unmistakably manifests an intent to waive prejudgment interest in the event of litigation. The showing needed to establish waiver of prejudgment interest is high. (See IGH Harlem I LLC v 406 Manhattan LLC, 2024 NY Slip Op 00164, at *4-6 [1st Dept Jan. 16, 2024] [describing waiver standard and reversing trial court's denial of prejudgment interest on waiver grounds].)

Footnote 9:Given that CPLR 5001 (a) requires interest only on contract damages in actions at law (rather than at equity), it is also unclear to the court whether it could properly engage in factfinding that would affect Brooklyn Union's entitlement to prejudgment interest, or whether a jury would need to be empaneled. Century's motion papers do not address this issue.

Footnote 10:Brooklyn Union disputes Bouteiller's interpretation, and Century's associated contention that Brooklyn Union has been able to recover its remediation costs. Given the court's disposition of this motion, the court does not reach this issue.