■ JOSEPH BAMIRA, Respondent, v SHLOMO GREENBERG, Appellant. [744 NYS2d 367] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered September 25, 2001, which, in an action for breaches of contract and fiduciary obligation based on defendant's misappropriation of a partnership opportunity to purchase a company's stock, after a jury trial, awarded plaintiff compensatory damages of $3,686,033, representing the value of the misappropriated stock on the date of the verdict, with preverdict interest thereon of $2,586,686.28, and $1,545,217 in punitive damages, unanimously modified, on the law, to vacate the award of preverdict interest, and remand for a recalculation of postverdict interest, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about February 25, 2002, which denied defendant's motion to vacate the award of preverdict interest, unanimously dismissed, as academic, without costs.

We reject defendant's contention that the trial court erred in permitting plaintiff's expert to testify as to the value of the lost opportunity in terms of the company as a whole and not merely its shares, where the purchase proposal not extended to plaintiff had been to buy the entire company as an entity. In any event, any error in this regard was harmless since the jury's award was based on the present price per share. Defendant's argument that the trial court improperly referred to this witness as an expert, and improperly allowed plaintiff's attorney to refer to him as such during summation, is unpreserved. In any event, such claim is without merit as the record clearly shows that the court accepted this witness as an expert on valuation and so instructed the jury. We also reject as unpreserved defendant's claim that the trial court erroneously permitted plaintiff's attorney to posit a confusing and prejudicial hypothetical.

Contrary to defendant's version of what transpired, the trial court did not preclude testimony of the attorney who drafted the ambiguous clause in the parties' agreement (*see*, 256 AD2d 237). Rather, the attorney was properly allowed to testify about what the parties told him to include in the agreement (*see*, *Shubert Found. v 1700 Broadway Co.*, 198 AD2d 116, *lv denied* 83 NY2d 751; *Grand Manor Health Related Facility v Hamilton Equities*, 114 AD2d 776, 777, *lv denied* 72 NY2d 807; *cf.*, *American Express Bank v Uniroyal, Inc.*, 164 AD2d 275, 277-278, *lv denied* 77 NY2d 807), and was merely barred from impermissibly speculating about the parties' mental processes.

Defendant's challenge to the award of punitive damages is unpreserved. In fact, in his motion to vacate the judgment, defendant specifically stated "[w]e don't contest the portion of the judgment that addresses compensatory damages or punitive damages award."

We modify to vacate the award of preverdict interest, which, under the circumstances, would constitute a windfall double recovery. The purpose of an award of prejudgment interest is to make the aggrieved party whole (*see*, *Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21, 26). That was achieved here by the jury's award of damages based on the present value of stock that had significantly appreciated during the period between defendant's misappropriation of the partnership opportunity and the verdict. While the trial court did not instruct the jury regarding interest (*see*, *Flores v Citizens Intl. Bank*, 225 AD2d 414; *First Intl. Pictures v F.C. Pictures Corp.*, 262 App Div 21, 22-23), the charge made clear that the verdict should make plaintiff whole by putting him "in the same position he would have been had [defendant] complied with his contractual obligations," and the jury presumably followed the court's instruction.

We have considered defendant's other contentions and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Rosenberger and Marlow, JJ.