14-1848-cv(L)
BPP Wealth, Inc. v. Weiser Capital Mgmt., LLC

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of August, two thousand fifteen.

PRESENT:   GUIDO CALABRESI,
                        REENA RAGGI,
                        RICHARD C. WESLEY,
                                    *Circuit Judges*.

------------------------------------------------------------------------
BPP WEALTH, INC., DEBRA SCHATZKI,
                        *Plaintiffs-Appellees-Cross-Appellants*,

                          v.                                                   Nos. 14-1848-cv(L);
                                                                                        14-1849-cv(XAP)

WEISER CAPITAL MANAGEMENT, LLC, HOITSZ MICHEL, AKA CARIJN,
                        *Defendants-Appellants-Cross-Appellees*.[*]
------------------------------------------------------------------------


APPEARING FOR APPELLANTS-              IRA G. GREENBERG, Locke Lord LLP, New
CROSS-APPELLEES:                                  York, New York (Scott I. Unger, Corey A.
                                                                Rand, Stark & Stark, PC, Lawrenceville, New
                                                                Jersey, *on the brief*).


APPEARING FOR APPELLEES-                JAMES J. MAHON, Lawler Mahon &
CROSS-APPELLANTS:                               Rooney LLP, New York, New York.

---

[*] The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 14, 2014, is AFFIRMED IN PART, VACATED IN PART, and REMANDED.

Defendants Weiser Capital Management, LLC ("Weiser") and Hoitsz Michel appeal from a judgment entered after a jury trial on plaintiffs BPP Wealth, Inc. ("BPP") and Debra Schatzki's conversion and civil conspiracy claims and a bench trial on plaintiffs' trademark infringement and unjust enrichment claims. Defendants challenge (1) the admission of testimony from plaintiffs' damages expert and the denial of defendants' motion for judgment as a matter of law on the conversion claim, as well as the award of prejudgment interest on that claim; and (2) the court's bench-trial decision in plaintiffs' favor on the trademark infringement claim. Plaintiffs cross-appeal, challenging (3) the award of partial summary judgment in defendants' favor on the breach of contract claims; and (4) the court's bench-trial decision in defendants' favor on the unjust enrichment claim. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part, vacate in part, and remand.

1.    Conversion Claim

    A.    Damages

Defendants challenge the admission of testimony from plaintiffs' damages expert, accountant Richard Childs, under Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), and the legal sufficiency of the evidence supporting a verdict for plaintiffs on the conversion claim. See Schatzki v. Weiser Capital Mgmt., LLC, No. 10 Civ. 4685, 2013 WL 6284417 (S.D.N.Y. Dec. 4, 2013) (denying defendants' motion to exclude plaintiffs' damages expert); Schatzki v. Weiser Capital Mgmt., LLC, No. 10 Civ. 4685, 2014 WL 1904180 (S.D.N.Y. May 12, 2014) (denying defendants' post-trial motion for judgment as matter of law on conversion claim). These arguments fail on the merits.

"The decision to admit expert testimony is left to the broad discretion of the trial judge and will be overturned only when manifestly erroneous." Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d 206, 213 (2d Cir. 2009); see Fed. R. Evid. 702, 703. While expert testimony should be excluded if it is "speculative or conjectural," or based on assumptions that are "so unrealistic and contradictory as to suggest bad faith or to be in essence an apples and oranges comparison," "other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony." Boucher v. U.S. Suzuki Motor Corp., 73 F.3d 18, 21 (2d Cir. 1996) (internal quotation marks and citations omitted); accord Zerega Ave. Realty Corp. v. Hornbeck Offshore Transp., LLC, 571 F.3d at 213–14. In this case, the district court correctly determined that defendants' objections to Childs's methodology went to the weight of his testimony, not to its admissibility. Defendants' contention that Childs's

"before and after" comparison included a variety of changes in income not traceable to the alleged conversion was the proper subject of cross-examination or competing expert testimony, and defendants successfully availed themselves of both methods of disputing Childs's testimony. We identify no abuse of discretion in the district court's evidentiary ruling.

Nor did the district court err in denying defendants' motion for judgment as a matter of law, a decision we review de novo. See Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 133 (2d Cir. 2008). Where, as here, the basis of the motion is insufficient evidence, the moving party must show "such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it." Id. at 133 (internal quotation marks and alterations omitted). That is not this case. Schatzki and Edelman testified as to how the inability to access BPP's client files—and the missing and damaged information in those files upon their return—caused a disruption in business that led to loss of clients and the need to recreate lost work. Edelman testified as to the value of the database of client records that had been adulterated, and Childs estimated the economic value of the resulting harm to the business. This evidence was sufficient to permit the jury's damages verdict on the conversion claim.

B.    Prejudgment Interest

Defendants also challenge the addition of prejudgment interest to the jury's conversion verdict. See Schatzki v. Weiser Capital Mgmt., LLC, No. 10 Civ. 4685,

4

2014 WL 630650 (S.D.N.Y. Feb. 18, 2014). New York law mandates prejudgment interest at 9% per annum as a matter of right on, inter alia, any recovery for "an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property," N.Y. C.P.L.R. § 5001(a); see id. § 5004, which includes conversion claims, see, e.g., Eighteen Holding Corp. v. Drizin, 268 A.D.2d 371, 371–72, 701 N.Y.S.2d 427, 428–29 (1st Dep't 2000). Where a party is entitled to interest as a matter of right, New York law does not afford the trial court any discretion to refuse such an award. See New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 602–03 (2d Cir. 2003).

To be sure, where there is a basis for concluding that the jury has included prejudgment interest in its damages award, New York law does not permit a duplicative judicial award. See Trademark Research Corp. v. Maxwell Online, Inc., 995 F.2d 326, 342 (2d Cir. 1993) (disallowing prejudgment interest where plaintiff's damages expert expressly included it in his calculations and testimony); Flores v. Citizens Int'l Bank, 225 A.D.2d 414, 414, 640 N.Y.S.2d 746, 746 (1st Dep't 1996) (disallowing further award where jury instructed to include prejudgment interest in verdict); see also Bamira v. Greenberg, 295 A.D.2d 206, 207, 744 N.Y.S.2d 367, 369 (1st Dep't 2002) (denying interest award where damages for misappropriation of stock-purchase opportunity were calculated using stock price at time of verdict, which was significantly higher than price at time of misappropriation).

In this case, however, there is no reliable indication that the jury's conversion verdict included prejudgment interest. Although Childs's expert report indicated that

5

interest had been included in his damages calculation, that report was <u>not</u> admitted into evidence, nor was there was any testimony regarding how much of that calculation reflected prejudgment interest. Other than one indirect and passing reference to "interest methodology," J.A. 634, Childs did not mention interest at all in his trial testimony. In any event, the $300,000 verdict, in the face of a $2.1 million request, necessarily implies the jury's rejection of Childs's calculations. That fact, together with the absence of any discussion of prejudgment interest—both in testimony <u>and</u> in the court's instructions—undercuts the possibility that Childs's inclusion of interest was adopted by the jury. In these circumstances, it would be wholly speculative to conclude that the jury already awarded interest in its verdict, and there is no danger of a "windfall double recovery." <u>Bamira v. Greenberg</u>, 295 A.D.2d at 207, 744 N.Y.S.2d at 369.

We therefore agree with the district court that prejudgment interest was required by § 5001(a), and we affirm its judgment as to the conversion claim.

2. <u>Trademark Infringement Claim</u>

Defendants challenge the bench-trial decision in plaintiffs' favor on the trademark infringement claim, <u>see</u> <u>Schatzki v. Weiser Capital Mgmt., LLC</u>, 995 F. Supp. 2d 251 (S.D.N.Y. 2014), arguing insufficient evidence of likely confusion,[1] <u>see</u> 15 U.S.C. § 1114(1); <u>Starbucks Corp. v. Wolfe's Borough Coffee, Inc.</u>, 588 F.3d 97, 115 (2d Cir.

---

[1] We decline to address defendants' argument that their use of the trademark in question was not "counterfeit" as required to support statutory damages, 15 U.S.C. §§ 1116(d), 1117(c), as this argument was not raised to the district court. <u>See</u> <u>Oneida Indian Nation v. Madison Cty.</u>, 665 F.3d 408, 441 (2d Cir. 2011) (holding arguments not raised in district court to be forfeited on appeal).

2009) (assessing likelihood of consumer confusion by reference to eight-factor test set forth in Polaroid Corp. v. Polarad Elecs. Corp., 287 F.2d 492 (2d Cir. 1961)).[2] In reviewing a judgment entered after a bench trial, we review the district court's conclusions of law de novo and its findings of fact for clear error, without second-guessing its credibility assessments. See Krist v. Kolombos Rest. Inc., 688 F.3d 89, 95 (2d Cir. 2012). A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." New York Progress & Protection PAC v. Walsh, 733 F.3d 483, 486 (2d Cir. 2013) (internal quotation marks omitted). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Krist v. Kolombos Rest. Inc., 688 F.3d at 95 (internal quotation marks omitted).

Defendants' argument that the trial evidence did not admit a finding of likely confusion merits little discussion. The evidence demonstrated defendants' continued online use of plaintiffs' mark after the licensing agreement was terminated, while the parties' relationship was still being unwound. Defendants point to their prompt notification to Schatzki's clients that she had disassociated from Weiser as evidence

---

[2] The Polaroid factors include: "(1) strength of the trademark; (2) similarity of the marks; (3) proximity of the products and their competitiveness with one another; (4) evidence that the senior user may 'bridge the gap' by developing a product for sale in the market of the alleged infringer's product; (5) evidence of actual consumer confusion; (6) evidence that the imitative mark was adopted in bad faith; (7) respective quality of the products; and (8) sophistication of consumers in the relevant market." Id. Defendants' argument that there was no evidence of likely confusion, however, does not require us to review the district court's implicit balancing of these factors.

7

dispelling the possibility of confusion. But such notification could have heightened possible client confusion in that it directly conflicted with the message conveyed by Schatzki's trademark remaining on Weiser's website. Nor is the absence of evidence of <u>actual</u> client confusion dispositive; rather, actual confusion is one of many factors relevant to the analysis of <u>likely</u> confusion. <u>See</u> <u>Starbucks Corp. v. Wolfe's Borough Coffee, Inc.</u>, 588 F.3d at 115. Thus, we reject defendants' argument that "there exists such a complete absence of evidence" of likely client confusion that no "reasonable and fair minded persons" could find in plaintiffs' favor. <u>Brady v. Wal-Mart Stores, Inc.</u>, 531 F.3d at 133 (internal quotation marks and alterations omitted). Accordingly, we affirm the district court's judgment as to the trademark infringement claim.

3.    <u>Breach of Contract Claims</u>

On their cross-appeal, plaintiffs challenge the award of summary judgment to defendants on the breach of contract claims pursuant to the Statute of Frauds. <u>See</u> <u>Schatzki v. Weiser Capital Mgmt., LLC</u>, No. 10 Civ. 4685, 2013 WL 6189465 (S.D.N.Y. Nov. 26, 2013). We review an award of summary judgment <u>de novo</u>, and we will affirm only if the record, viewed in the light most favorable to the nonmoving party, reveals no genuine issue of material fact. <u>See</u> <u>Lynch v. City of N.Y.</u>, 737 F.3d 150, 156 (2d Cir. 2013).

New York's Statute of Frauds requires that agreements "incapable of being performed within a year of their making" be "expressed in a signed writing." <u>Ryan v. Kellogg Partners Institutional Servs.</u>, 19 N.Y.3d 1, 14, 945 N.Y.S.2d 593, 600 (2012); <u>see</u> N.Y. Gen. Obl. Law § 5-701(a)(1). The statute encompasses "only those contracts

which, by their terms, have absolutely no possibility in fact and law of full performance within one year." Guilbert v. Gardner, 480 F.3d 140, 151 (2d Cir. 2007) (internal quotation marks omitted). Most agreements terminable at will are not subject to the Statute of Frauds because performance could be completed in less than one year if either party were to exercise its termination option within that time period. See id. Further, if an agreement is "terminable within a year and the measure of compensation has become fixed and earned during the same period, the sole obligation to calculate such compensation will not bring the contract within" the Statute of Frauds. Cron v. Hargro Fabrics, Inc., 91 N.Y.2d 362, 370, 670 N.Y.S.2d 973, 977 (1998) (emphasis added).

In this case, plaintiffs allege a set of oral agreements with Weiser in late 2007 establishing their mutual business arrangement. One agreement allegedly entitled plaintiffs to a percentage of all commissions and fees that they generated for Weiser, payable at the end of each calendar year. The other allegedly entitled plaintiffs to an annual payment equal to 10% of the increase in Weiser's business attributable to plaintiffs, in exchange for permission to use plaintiffs' trademark. Plaintiffs allege that defendants performed under both agreements for calendar year 2008, paying plaintiffs in early 2009 once the 2008 amounts were calculable, but breached the agreement by failing to tender payment for the following year. The district court concluded that because Schatzki testified at her deposition that these agreements were to last "forever," J.A. 320, the agreements were terminable only by their breach and, thus, not performable within a year, such that enforcement was barred by the Statute of Frauds.

9

Plaintiffs assert that this misconstrued Schatzki's testimony. When the testimony is viewed in the light most favorable to plaintiffs and in the context of the complaint's allegations, it indicates that the alleged agreement <u>could</u> last indefinitely but was terminable at will by either party. <u>See</u> J.A. 320. Defendants' arguments to the contrary, all of which relate only to the 10% trademark licensing agreement, are not persuasive. Defendants assert that, because the amount of the annual fee would not be calculable and payable until after the full calendar year ended, performance could not be completed within a year. This argument is defeated by New York's well-established rule that calculation and tender outside a one-year period of an obligation fixed and earned within the one-year period does not alone bring an agreement within the Statute of Frauds. <u>See</u> <u>Cron v. Hargro Fabrics, Inc.</u>, 91 N.Y.2d at 370, 670 N.Y.S.2d at 977; <u>accord</u> <u>Kroshnyi v. U.S. Pack Courier Servs., Inc.</u>, 771 F.3d 93, 110–11 (2d Cir. 2014) (holding that at-will employment agreement including commissions on work performed was not barred by Statute of Frauds); <u>Guilbert v. Gardner</u>, 480 F.3d at 152 (holding that at-will employment agreement including promise to contribute $10,000 annually during employment to pension fund was not covered by Statute of Frauds under <u>Cron</u> because obligation was fixed and performable within one year); <u>cf.</u> <u>Sheehy v. Clifford Chance Rogers & Wells LLP</u>, 3 N.Y.3d 554, 560, 789 N.Y.S.2d 456, 458–59 (2004) (holding oral promise to pay percentage of annual profits for life, beginning five years after retirement, was barred by Statute of Frauds); <u>accord</u> <u>Velez v. Sanchez</u>, 693 F.3d 308, 332 (2d Cir. 2012) (holding that Statute of Frauds applies to promise to pay for college

10

education of at-will employee's child because value of obligation not "'fixed within a year'" (quoting Cron)).

Defendants argue, in any event, that the 10% agreement was not part of plaintiffs' at-will employment arrangement and could only be terminated within a year by its breach, because Schatzki testified that Weiser would have to "terminate" plaintiffs in order to terminate the trademark licensing agreement. J.A. 320. Viewed in the light most favorable to plaintiffs, however, this testimony can be understood to link the licensing and at-will employment agreements such that both had to be terminated together, which termination could occur at any time by either party. That Weiser would have to "terminate" Schatzki in order to terminate the licensing agreement does not imply that doing so would constitute a breach of the employment agreement.

Thus, when the record is viewed in the light most favorable to plaintiffs, we conclude that both alleged agreements were terminable at will and included promises of annual payments that would become "fixed and earned" within a year on a recurring basis, even if amount calculation and tender would not occur until the next calendar year. Cron v. Hargro Fabrics, Inc., 91 N.Y.2d at 370, 670 N.Y.S.2d at 977. The Statute of Frauds does not, therefore, bar enforcement of the alleged agreements. Accordingly, we vacate the district court's award of summary judgment as to the breach of contract claims.

4.     Unjust Enrichment

Plaintiffs also challenge the bench-trial decision in defendants' favor on the unjust enrichment claim. The district court concluded that plaintiffs failed to prove that

11

defendants benefitted from copying the database at issue. See Schatzki v. Weiser Capital Mgmt., LLC, 995 F. Supp. 2d at 251; see generally Briarpatch Ltd. v. Phoenix Pictures, Inc., 373 F.3d 296, 306 (2d Cir. 2004) (stating that unjust enrichment requires showing that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover"). Plaintiffs have failed to explain how the district court's factual finding on this point was erroneous. While plaintiffs presented evidence regarding the value of their efforts creating the database, that does not compel a conclusion that defendants procured a benefit. Moreover, plaintiffs do not address the district court's specific finding that any benefit Weiser obtained derived from the retention of other employees, not from copying the database. See Schatzki v. Weiser Capital Mgmt., LLC, 995 F. Supp. 2d at 253. This finding is sufficient to support the district court's decision in favor of defendants.

Accordingly, we affirm the district court's judgment as to the unjust enrichment claim.

5.    Conclusion

We have considered the parties' remaining arguments, and we conclude that they are without merit. Accordingly, the judgment of the district court is VACATED as to plaintiffs' breach of contract claims and AFFIRMED in all other respects, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

12