**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re:                              )    BAP Nos.  NC-17-1118-BTaF
                                    )              NC-17-1123-BTaF
FAREED SEPEHRY-FARD,                )    (Consolidated Appeals)
                                    )
            Debtor.                 )    Bk. No.   17-50499-SLJ
_____)
                                    )
FAREED SEPEHRY-FARD,                )
                                    )
            Appellant,              )
                                    )
v.                                  )    **M E M O R A N D U M**[1]
                                    )
U.S. BANK, N.A., as Trustee         )
for Greenpoint Mortgage Trust       )
Mortgage Pass-Through               )
Certificates, Series 2007-AR2,      )
                                    )
            Appellee.               )
_____)

Submitted Without Oral Argument on May 25, 2018

Filed - June 5, 2018

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Stephen L. Johnson, Bankruptcy Judge, Presiding

_____

Appearances:   Appellant Fareed Sepehry-Fard, pro se on brief; Jan
               T. Chilton and Bernard J. Kornberg of Severson &
               Werson on brief for appellee U.S. Bank, N.A., as
               Trustee for GreenPoint Mortgage Trust Mortgage
               Pass-Through Certificates, Series 2007-AR2.

_____

Before:   BRAND, TAYLOR and FARIS, Bankruptcy Judges.

_____

[1]   This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8024-1.

Appellant, chapter 13[2] debtor Fareed Sepehry-Fard, appeals an order confirming that the automatic stay was no longer in effect and granting in rem relief under § 362(d)(4) to U.S. Bank, N.A., as Trustee for GreenPoint Mortgage Trust Mortgage Pass-Through Certificates, Series 2007-AR2 ("US Bank"). We DISMISS the appeal of the portion of the order confirming that the stay was no longer in effect as MOOT because Sepehry-Fard's bankruptcy case has since been dismissed. We AFFIRM the in rem portion of the order. Finally, we DENY Sepehry-Fard's request for sanctions.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   Events prior to US Bank's motion for relief from stay**

In 2007, Sepehry-Fard executed a note for $1.3 million and a deed of trust in favor of GreenPoint Mortgage Funding, Inc. against his residence ("Property"). In June 2013, the deed of trust was assigned to Nationstar Mortgage LLC.

In September 2015, Nationstar recorded a notice of default. Prior to this, Sepehry-Fard filed his first chapter 13 bankruptcy case on March 10, 2015. His proposed plan did not provide for any payments on the note but instead insisted that the court enforce his rescission of the debt. The plan was not confirmed, and the first bankruptcy case was dismissed in June 2015, because Sepehry-Fard's debts exceeded the eligibility limit of § 109(e).

Sepehry-Fard filed his second chapter 13 bankruptcy case on February 29, 2016. Just days prior to that filing, Sepehry-Fard had lost an appeal to the California Court of Appeal related to

---

[2]   Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

the Property. Notably, in that action, Sepehry-Fard acknowledged the loan funds he had obtained for the Property; he alleged only that the parties trying to foreclose were strangers to the note.

In his second bankruptcy case, Sepehry-Fard timely moved to extend the automatic stay. The bankruptcy court denied that request, finding a lack of good faith. In the order denying an extension of the stay, the court noted that Sepehry-Fard's "rescission" argument had been addressed by the bankruptcy court (and other courts) numerous times. The court also noted that Sepehry-Fard had been declared a vexatious litigant in the United States District Court for the Northern District of California in March 2015, and that he had been previously warned by the bankruptcy court that further pleadings relating to issues that were mooted by the dismissals of his first bankruptcy case and related adversary proceeding could result in entry of a vexations litigant order in the bankruptcy court.

Because he failed to file any schedules or plan, Sepehry-Fard's second bankruptcy case was dismissed shortly thereafter.

On January 3, 2017, Nationstar assigned the deed of trust to US Bank. Nationstar currently services the loan for US Bank.

A month later, US Bank recorded a notice of trustee's sale for the Property, which set a sale date of March 2, 2017. The amount owed on the note by that time was $1,781,069.01.

On March 1, 2017 — the day before the trustee's sale — Sepehry-Fard filed his third chapter 13 bankruptcy case, also a skeletal filing. Because his second bankruptcy case was pending and dismissed within one year of the filing of his third case, the automatic stay was in effect for just 30 days; thus, it expired on

-3-

March 31, 2017. § 362(c)(3)(A).

At the request of a creditor, the bankruptcy court entered an order on April 4, 2017, confirming that the stay was no longer in effect. Two days later, Sepehry-Fard filed a 220-page application for "an order shortening time for notice to extend or to reinstate the automatic stay." The bankruptcy court denied the application for order shortening time. In its order, the court explained that, even if the application were granted, any motion seeking to extend the stay would be untimely as the stay expired on March 31. In addition, the court explained that it lacked authority to "reimpose" the stay after it has been terminated.

Undeterred, Sepehry-Fard immediately filed a "Memorandum Of Law In Support Of Unavailability For Six Weeks Due To Debtor's Medical Conditions And Inability Of Debtor To File For Motion Extending The Time To Stay Or To Re Impose [sic] The Stay." Sepehry-Fard explained that he was unable to file a motion seeking to extend or to reimpose the automatic stay for at least six weeks due to his medical condition, and therefore he needed more time to file it. This pleading essentially sought the same relief the bankruptcy court had already denied as untimely or lacking merit.

**B.    US Bank's motion for relief from stay**

**1.    The motion and opposition**

Meanwhile, US Bank filed a motion for relief from the automatic stay under § 362(d)(1) for cause. Alternatively, US Bank requested an order under § 362(j)[3] confirming that the

---

[3]  Section 362(j) provides that "[o]n request of a party in interest, the court shall issue an order under subsection (c)
(continued...)

-4-

automatic stay was no longer in effect due to the dismissal of Sepehry-Fard's prior bankruptcy case less than one year prior. US Bank also requested in rem relief under § 362(d)(4), arguing that Sepehry-Fard's many bankruptcy filings affecting the Property were filed as part of a scheme to delay, hinder or defraud creditors. US Bank noted Sepehry-Fard's multiple bankruptcy cases filed in the past two years, his failure to ever file the required bankruptcy schedules or to confirm a chapter 13 plan in those cases, and his litigious nature with respect to the Property that had resulted in him being declared a vexatious litigant in both the state superior court and federal court.

Attached to US Bank's stay relief motion was a declaration from Fay Janati, a Nationstar employee, which included copies of the loan documents for the Property (the note, deed of trust, the assignments to Nationstar and to US Bank, and the notice of default and notice of sale) and various other documents, including copies of pleadings and orders entered in foreclosure-related lawsuits filed by Sepehry-Fard in both the state and federal court.

Sepehry-Fard filed a 50-page opposition. Essentially, he challenged US Bank's standing to file the stay relief motion. He argued that the bankruptcy court lacked jurisdiction to grant US Bank the requested relief, because it was:

> an attempt to what seems to be covering up ample evidence of money laundering and Ponzi scheme and that there are [sic] prima facie evidence of drug cartel money laundering under the guise of a loan to the undersigned when there is

[3](...continued)
confirming that the automatic stay has been terminated."

-5-

proof positive on records [sic] that there was no loan made to me for my property from any of the parties and their co-parties agent(s) principle(s) [sic] that claim gave me a loan for my private property when no such action ever took place based on proof positive on records [sic], to wit: that the dead and defunct entity, through its hearsay substitute has requested '. . . in rem relief in its motion for relief from stay.'

Sepehry-Fard accused Janati of making false statements in her declaration and argued that the loan documents attached were "fabricated fraudulent 'business records'" offered "for the sole purpose of stealing [his] property." Sepehry-Fard accused Janati and US Bank's attorney, Bernard Kornberg, of committing perjury and fraud upon the court by filing these alleged false records. Contrary to his prior admissions in other courts, Sepehry-Fard now maintained that he never received any loan from GreenPoint in 2007, claiming that the loan documents filed by US Bank contained forged signatures. He demanded a jury trial and requested sanctions and "punitive damages" against attorney Kornberg and his clients of no less than $3 million.

One day prior to the scheduled hearing for US Bank's motion, Sepehry-Fard filed an additional document in response, which he offered in support of his request for sanctions against attorney Kornberg and his clients.[4]

**2.    The bankruptcy court's ruling on the stay relief motion**

At the stay relief hearing, the bankruptcy court denied as moot Sepehry-Fard's request for more time to file documents in

---

[4]  Sepehry-Fard also filed a 300-plus page complaint against US Bank, Nationstar, GreenPoint, their attorneys and others. The complaint concerned the Property, and the claims alleged were essentially the same that he raised in opposition to the stay relief motion or that have been dismissed by other courts. The adversary was dismissed without leave to amend in August 2017.

opposition; he had already filed hundreds of pages in his defense. The court also denied his request for sanctions for failing to comply with Rule 9011.

Next, the court noted that, because the stay was no longer in effect, the only live issue before it was US Bank's request for in rem relief. After stating its findings on the record, the court granted US Bank's motion, ruling that the stay was no longer in effect and that US Bank was entitled to in rem relief based on Sepehry-Fard's conduct. The court entered an order to that effect, which Sepehry-Fard timely appealed.

**C.    Events subsequent to the appeal**

On the chapter 13 trustee's motion, the bankruptcy court dismissed Sepehry-Fard's third bankruptcy case on July 24, 2017.[5]

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(G).  We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

1.    Is the appeal of the portion of the order confirming that no stay was in effect moot?

2.    Did the bankruptcy court abuse its discretion in granting US Bank in rem relief under § 362(d)(4)?

3.    Is Sepehry-Fard entitled to sanctions?

---

[5]  We may take judicial notice of events in the bankruptcy case occurring subsequent to the filing of an appeal if they resolve the dispute between the parties. Ellis v. Yu (In re Ellis), 523 B.R. 673, 676 (9th Cir. BAP 2014) (citing Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1087 (9th Cir. 2011) ("[I]f events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot.")).

-7-

## IV. STANDARDS OF REVIEW

We review our own jurisdiction, including questions of mootness, de novo. In re Ellis, 523 B.R. at 677 (citing Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs), 339 F.3d 782, 787 (9th Cir. 2003)).

We review de novo whether the bankruptcy court had personal jurisdiction. See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1128 (9th Cir. 2003).

We review de novo whether a litigant's due process rights were violated. DeLuca v. Seare (In re Seare), 515 B.R. 599, 615 (9th Cir. BAP 2014).

We review a bankruptcy court's order granting relief from the automatic stay for an abuse of discretion. First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.), 470 B.R. 864, 868 (9th Cir. BAP 2012). A bankruptcy court abuses its discretion if it applies an incorrect legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible or without support from evidence in the record. TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

## V. DISCUSSION

**A. The appeal of the portion of the order confirming that no stay was in effect is moot.**

We cannot exercise jurisdiction over a moot appeal. United States v. Pattullo (In re Pattullo), 271 F.3d 898, 900 (9th Cir. 2001); In re Ellis, 523 B.R. at 677. A case is moot where the issues presented are no longer live and no case or controversy exists. Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th

-8-

Cir. 2005). The test for mootness is whether an appellate court can still grant effective relief to the prevailing party if it decides the merits in his or her favor. Id. If an issue becomes moot while the appeal is pending, an appellate court must dismiss the appeal. In re Pattullo, 271 F.3d at 900; In re Ellis, 523 B.R. at 677.

The bankruptcy court ruled that, at the time US Bank's stay relief motion was heard on April 18, no stay was in effect in Sepehry-Fard's bankruptcy case; it had expired in its entirety on March 31, 2017. See Reswick v. Reswick (In re Reswick), 446 B.R. 362, 367 (9th Cir. BAP 2011) (under § 362(c)(3)(A), when a debtor files a second bankruptcy case within a year of the earlier case's dismissal, the automatic stay terminates as to the debtor, the debtor's property, and property of the estate on the 30th day after the second petition date).

After Sepehry-Fard filed this appeal, his bankruptcy case was dismissed without objection on the chapter 13 trustee's motion for failure to prosecute. Thus, under § 362(c)(2)(B), even if any potential stay was in effect at the time US Bank's stay relief motion was heard (which it was not), it was terminated once Sepehry-Fard's case was dismissed. Consequently, even if we were to overturn the portion of the order confirming that no stay was in effect after March 31, 2017, the automatic stay has now terminated as a matter of law. Simply put, we lack the ability to grant Sepehry-Fard any effective relief as to this aspect of the order on appeal.

Accordingly, the appeal of the portion of the order confirming that no stay was in effect is DISMISSED as MOOT.

**B.** **The bankruptcy court did not abuse its discretion in granting US Bank relief under § 362(d)(4).**

The in rem portion of the order would appear to be binding in any bankruptcy case until at least April 2019, assuming US Bank timely recorded it. Therefore, while the order is moot in part, the portion of the order granting US Bank in rem relief is not moot because of the ramifications of such relief and its effect on future debtors and third parties not before the court.

Section 362(d)(4) permits the bankruptcy court to grant in rem relief from the automatic stay in order to address schemes using multiple bankruptcy filings as a means to thwart a secured creditor's legitimate foreclosure efforts with respect to real property. If the court's order granting relief under § 362(d)(4) is recorded in compliance with applicable state law, it is binding in any other bankruptcy case filed in the next two years purporting to affect the same real property.

Relief under § 362(d)(4) has serious implications. In re First Yorkshire Holdings, Inc., 470 B.R. at 871. By seeking relief under § 362(d)(4), the creditor requests specific prospective protection against not only the debtor, but also every non-debtor, co-owner, and subsequent owner of the property. If granted, such relief nullifies the ability of the debtor and any other third party with an interest in the property to obtain the benefits of the automatic stay in future bankruptcy cases for a period of two years. Id.

To obtain relief under § 362(d)(4), the court must find that three elements are present. Id. at 870. First, debtor's bankruptcy filing must have been part of a scheme. Second, the

-10-

object of the scheme must be to delay, hinder, or defraud creditors. Third, the scheme must involve either (a) the transfer of some interest in the real property without the secured creditor's consent or court approval, or (b) multiple bankruptcy filings affecting the property. Id.

The bankruptcy court made express findings to support the three necessary elements. It found that none of Sepehry-Fard's three chapter 13 bankruptcy cases was proper because the secured debt in each exceeded $1.3 million. See § 109(e). Further, none of the three cases had made any substantial progress and no plans were ever confirmed. Rather than proposing a plan to deal with creditors, Sepehry-Fard continued to make specious and unwarranted objections to the claims of secured creditors, which both the state and federal courts had already rejected. Finally, the court noted that Sepehry-Fard's third bankruptcy case was filed just one day prior to the scheduled trustee's sale of the Property. For these reasons, the court determined that Sepehry-Fard intended to delay the enforcement efforts of his creditors, namely US Bank's efforts to foreclose.

Sepehry-Fard raises a multitude of arguments on appeal, none of which address the merits of the bankruptcy court's decision to grant US Bank in rem relief. However, he does challenge the bankruptcy court's personal jurisdiction over the parties, US Bank's standing to obtain such relief, and whether the court afforded him due process and demonstrated bias. We address these (and other) arguments in turn.

Sepehry-Fard first argues that the order contains a recital of prior proceedings in violation of Civil Rule 54(a), and that

-11-

the order should be reversed and remanded with specific instruction to the bankruptcy court to order the return of his stolen monies and quiet title to the Property in his favor. Even if this argument had any merit, which it does not, reversing the order would not accomplish what Sepehry-Fard wants. He is not entitled to the substantive relief he requested in opposition to a stay relief motion. In any case, the order discussed only the instant proceeding and the fact that Sepehry-Fard had filed two prior bankruptcy cases, which was necessary for the court's ruling. We fail to see how that runs afoul of the rule.

Sepehry-Fard then argues that the order failed to articulate any findings of fact or conclusions of law to support it in violation of Civil Rule 52(a), which is applicable in contested matters under Rule 9014(c). This argument lacks merit. The bankruptcy court announced the majority of its findings of fact and conclusions of law orally on the record, which is permissible under Civil Rule 52(a) and Rule 7052. The order incorporated those oral findings and conclusions and made others. Thus, it contained the necessary findings and conclusions and complied with the rule.

Along this same line, Sepehry-Fard argues that the bankruptcy court erred by failing to enter a separate judgment in addition to the order in violation of Civil Rule 58. This argument too lacks merit. Civil Rule 58, incorporated by Rule 7058, applies only to adversary proceedings; it does not apply to contested matters such as this under Rule 9014(c). No separate judgment was required here. In any case, Sepehry-Fard waived this argument once he filed the appeal. Bankers Tr. Co. v. Mallis, 435 U.S. 381, 387-88

-12-

(1978).

Sepehry-Fard's next few arguments challenge the underlying merits of prior state and federal court decisions regarding the Property. Those arguments again lack merit. Notably, Sepehry-Fard's challenges to the debt's existence are contradicted by statements he made in prior proceedings, and it appears his arguments have been ultimately rejected in those proceedings. In any event, such arguments go outside the scope of the stay relief motion. To establish standing, which is what Sepehry-Fard contests, US Bank had to show only a "colorable claim" to the Property. Rozier v. U.S. Bank, N.A. (In re Rozier), 2013 WL 4428808, at *4 (9th Cir. BAP Aug. 19, 2013), aff'd, 623 F. App'x 517 (9th Cir. 2015) (citing Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 910, 913 (9th Cir. BAP 2011)). The record reflects that US Bank established a colorable claim to the Property through the assigned deed of trust and prior state and federal court decisions so stating.

Next, Sepehry-Fard argues that the bankruptcy court erred when it did not continue the hearing due to his poor health and inability to draft an opposition to the stay relief motion. He frames this as a due process concern. We discern no error or violation of Sepehry-Fard's due process rights. Sepehry-Fard did not file any pleading seeking to continue the hearing on the stay relief motion; he sought only an extension to file a motion to extend or to reimpose the stay, which the bankruptcy court denied as untimely and lacking merit. Nonetheless, Sepehry-Fard filed hundreds of pages of documents in opposition to the stay relief motion despite his condition, and he appeared at the hearing where

-13-

the court considered his arguments. See Tennant v. Rojas (In re Tennant), 318 B.R. 860, 870 (9th Cir. BAP 2004) (procedural due process requires notice and an opportunity to be heard). Moreover, Sepehry-Fard fails to show how he was prejudiced. He has not articulated how a continued hearing on the stay relief motion would have changed the outcome. See Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 777 (9th Cir. 2008).

Sepehry-Fard also argues that the order should be reversed because he was entitled to a jury trial under the Seventh Amendment to the U.S. Constitution. Because the bankruptcy court adjudicated only US Bank's right to relief from the automatic stay, an equitable claim, Sepehry-Fard was not entitled to a jury trial. See Hickman v. Hana (In re Hickman), 384 B.R. 832, 837 (9th Cir. BAP 2008) ("[I]t is long settled that bankruptcy courts are primarily courts of equity where actions involving the process of allowance and disallowance of claims or the restructuring of the debtor-creditor relationship are 'triable only in equity' with 'no Seventh Amendment right to a jury trial.'") (quoting Langenkamp v. Culp, 498 U.S. 42, 44-45 (1990)).

Next, Sepehry-Fard complains of judicial bias and the bankruptcy court's alleged collusion with the defendants, a theme he commonly raises when appealing orders from judges who have ruled against him. His arguments here lack merit and are irrelevant to this appeal. He makes two arguments for judicial bias. First, he argues that judicial bias was demonstrated when the bankruptcy court did not grant his request to continue the hearing on the stay relief motion. As stated above, Sepehry-Fard made no such request in connection with the stay relief motion.

-14-

Second, he argues that judicial bias was demonstrated when the bankruptcy court ruled against him in his related adversary proceeding. Issues or orders involved in the dismissed adversary proceeding are not properly before us and have no relevance to the appeal of the order. And, in any case, the mere existence of an adverse ruling is not a basis for a claim of bias; someone must always lose.

Within this argument, Sepehry-Fard appears to contest the bankruptcy court's in personam jurisdiction over the parties. As for Sepehry-Fard, a debtor in a pending chapter 13 case, the court clearly had personal jurisdiction over him. As for US Bank, since it filed a proof of claim in Sepehry-Fard's case and sought affirmative relief with the stay relief motion, US Bank voluntarily subjected itself to the court's jurisdiction; thus, the court had personal jurisdiction over US Bank as well. Langenkamp, 498 U.S. at 44 (by filing a claim against a bankruptcy estate the creditor triggers the process of allowance and disallowance of claims and thereby subjects itself to the bankruptcy court's equitable power).

On this record, we conclude that the bankruptcy court did not abuse its discretion in granting US Bank in rem relief under § 362(d)(4).

**C.    Sepehry-Fard is not entitled to sanctions.**

Sepehry-Fard requests sanctions against attorney Kornberg "and Kornberg's Co Parties Agent(s) Principle(s) [sic]" for filing a "frivolous Opening Brief and Making False Statements." While his motion is mostly incoherent, Sepehry-Fard appears to argue that sanctions are warranted against attorney Kornberg because

-15-

Kornberg has made material misrepresentations and has filed documents containing false statements with this court. Although Sepehry-Fard cites Fed. R. App. P. 46 as the basis for sanctions, that rule does not apply in this court. We presume he brings his motion under Rule 8020(b)[6], a similar rule applicable here.

Sepehry-Fard's motion essentially rehashes the same arguments he has raised in the past to support (unsuccessful) sanctions motions he has filed against attorney Kornberg (and others) in other courts — i.e., that the underlying loan documents were forged; that Kornberg represents a defunct entity (the securitized trust) which had no power to foreclose; and that Kornberg knew the loan debt either did not exist or has been forgiven. He also argues that Kornberg knowingly represented parties which lacked standing to file the stay relief motion and to foreclose on the Property.

Several courts, time and again, have rejected Sepehry-Fard's claims of forged loan documents, that the debt did not exist, and that US Bank lacked standing to foreclose. Further, the record reflects that US Bank had standing to file the stay relief motion. Therefore, Sepehry-Fard has not established that Kornberg's appeal brief filed on behalf of US Bank was "frivolous," or that Kornberg has made any false statements to this court warranting sanctions. Accordingly, the motion for sanctions is DENIED.

## VI. CONCLUSION

We DISMISS as MOOT the appeal of the portion of the order

---

[6] Rule 8020(b) provides, in relevant part, that "[t]he . . . BAP may discipline or sanction an attorney or party appearing before it for other misconduct, including failure to comply with any court order."

confirming that no stay was in effect under § 362(j), and we AFFIRM the portion of the order granting US Bank in rem relief under § 362(d)(4).  We DENY Sepehry-Fard's request for sanctions.